UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

FILED
JUN - 7 2011
VANESSA L. ARMSTRONG
BY_____ DEPUTY CLERK

UNITED STATES OF AMERICA

v.

INDICTMENT

NO. 5:11CR14-R

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 853
18 U.S.C. § 2
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)

WILLIE BENJAMIN HODGE
MICHAEL DEWAYNE PATTERSON

The Grand Jury charges:

## COUNT 1

On or about August 11, 2009, in the Western District of Kentucky, Christian County, Kentucky, the defendants, **WILLIE BENJAMIN HODGE** and **MICHAEL DEWAYNE PATTERSON**, each aided and abetted by the other, knowingly and intentionally distributed five grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT 2

On or about August 20, 2009, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **WILLIE BENJAMIN HODGE**, knowingly and intentionally distributed five grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

The Grand Jury further charges:

## COUNT 3

On or about January 14, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **WILLIE BENJAMIN HODGE**, knowingly and intentionally distributed fifty grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

The Grand Jury further charges:

## BGD COUNT 4

On or about ~~September~~ *October* 13, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **WILLIE BENJAMIN HODGE**, having been previously convicted in Christian Circuit Court, Hopkinsville, Kentucky, case number 03CR00184, of possession of a controlled substance in the first degree, a crime punishable by imprisonment for a term exceeding

one year, knowingly possessed, in and affecting commerce, a firearm, to wit, a Glock .40 caliber semiautomatic pistol, serial number DHN451US.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### NOTICE OF FORFEITURE

If convicted of any violation of Title 21, United States Code, Section 841(a)(1), the defendants, **WILLIE BENJAMIN HODGE** and **MICHAEL DEWAYNE PATTERSON**, shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

Pursuant to Title 21, United States Code, Section 853.

A TRUE BILL.

FOREPERSON

DAVID J. HALE
United States Attorney

DJH:LF:5/28/11

UNITED STATES OF AMERICA v. **WILLIE BENJAMIN HODGE** and **MICHAEL DEWAYNE PATTERSON**

## PENALTIES

Counts 1, 2:   NL 5 yrs./NM 40 yrs./$2,000,000/both/NL 4 yrs. Supervised Release (each count)
              (With Prior Conviction: NL 10 yrs./NM Life/$4,000,000/both/NL 8 yrs. Supervised Release)

Count 3:      NL 10 yrs./NM Life/$4,000,000/both/NL 5 yrs. Supervised Release
              (With Prior Conviction: NL 20 yrs./NM Life/$8,000,000/both/NL 10 yrs. Supervised Release)

Count 4:      NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release

Forfeiture

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|   | |
|---|---|
| Misdemeanor: $ 25 per count/individual | Felony: $100 per count/individual |
| $125 per count/other | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

## RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made <u>payable to the Clerk, U.S. District Court</u> and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. 5:11CR14-R

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Paducah Division

THE UNITED STATES OF AMERICA

vs.

WILLIE BENJAMIN HODGE
MICHAEL DEWAYNE PATTERSON

## INDICTMENT

Title 21, U.S.C. §§ 846; 841(b)(1)(A); 841(a)(1); 841(b)(1)(B); 841(b)(1)(D) and 853
Title 18, U.S.C. §§2; 922(g)(1); 924(a)(2)

**Conspiracy to Possess With Intent to Distribute Cocaine; Distribution of Cocaine; Possession of a Firearm by a Convicted Felon; Forfeiture.**

*A true bill.*



_____ Foreman

*Filed in open court this 7th day, of June, 2011.*

FILED
                    Clerk
JUN - 7 2011
VANESSA L. ARMSTRONG
BY_____
      DEPUTY CLERK

Bail, $