UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA                                                                        PLAINTIFF

v.                                                            CRIMINAL ACTION NO. 5:11CR-14-R-2

MICHAEL DEWAYNE PATTERSON                                          DEFENDANT

**MEMORANDUM AND ORDER**

Defendant Michael DeWayne Patterson filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the U.S. Sentencing Guideline Amendments implementing the Fair Sentencing Act of 2010 (FSA) (DN 61). He also filed a motion for the appointment of counsel to assist him in this matter (DN 62). The United States filed responses (DNs 67 & 68). Defendant filed no reply. For the reasons that follow, the motions will be denied.

A review of the record reveals that on December 12, 2011, Defendant entered a plea of guilty to charges of aiding and abetting in the distribution of five or more grams of crack cocaine. On April 11, 2012, the Court sentenced Defendant to a term of imprisonment of 57 months, the lowest end of the guideline range for an offense level of 23, criminal history category III. The Court adopted the sentencing range set forth in the presentence report, which was based on the 2011 Guidelines Manual that incorporated the FSA guideline amendments.[1]

In his § 3582(c)(2) motion, Defendant asks that his sentence be reduced based on Amendment 750 pertaining to crack cocaine offenses made retroactive on November 1, 2011.

---

[1] Further at sentencing, the Court accepted the recommendation of the United States that the FSA's statutory penalties apply retroactively.

The United States argues that contrary to Defendant's argument, he was already sentenced according to the amended guideline range required by the FSA.

Under § 3582(c)(2), a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." As the record reflects, Defendant has already received the relief he requests. That is, he was sentenced under the FSA guideline amendments. For this reason,

**IT IS ORDERED** that Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (DN 61) and the related motion for appointment of counsel (DN 62) are **DENIED**.

Date:

cc:   Defendant, *pro se*
      United States Attorney
4413.005

2